DOCUMENT 2
ELECTRONICALLY FILED
7/18/2017 10:23 AM
06-CV-2017-900024.00
CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
DAVID NIX, CLERK

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
CLAYTON DIVISION

| | |
|---|---|
| REBECCA BEASLEY, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V | ) |
| | ) CV-17-_____ |
| BLAKE GUMPRECHT, AND A, B, C, | ) |
| D, E, F&G, said fictitious parties being those | ) |
| persons or other entities who are the successors | ) |
| in interest to any named Defendant, and/or who | ) |
| combined with any named Defendant to commit | ) |
| any of the wrongful acts complained of in this | ) |
| Complaint, | ) |
| | ) |
| DEFENDANTS, | ) |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. The Plaintiff Rebecca Beasley is an adult resident citizen of Barbour County Alabama.

2. The Defendant, Blake Gumprecht, is an adult resident citizen of the State of Alabama. His address for service of process upon information and belief is 423 Main St, PO Box 519, Cando, ND 58424.

3. Fictitious Defendants A,B,C,D,E,F & G are those persons or other entities who are the legal successors in interest to any named defendant and/or who combined with any named defendant to commit the wrongful acts complained of herein. The identities of such fictitious defendants are unknown to the Plaintiffs at this time but they will be substituted by amendment if and when they are ascertained.

## JURISDICTION AND VENUE

4. The wrongful acts companied of in this Complaint took place in Barbour County Alabama.

5. Plaintiff makes no claims in this case which arise under the laws or the Constitution of the United States of America. All of the claims made by the Plaintiff in this case arise under the statutory and common law of the State of Alabama.

## STATEMENT OF THE FACTS

6. On about January 27, 2017, the Plaintiff and the Defendant entered into a purchase and sales agreement for the building at 12 Eufaula Avenue, Clayton, AL 36016 and the business known as The Clayton Record.

7. Plaintiff fulfilled all material obligations she had pursuant to the contract.

8. Soon after taking over the closing on the building and the business, the Defendant started forcing the Plaintiff out of the business. The Plaintiff offered her assistance but the Defendant refused to allow her to assist him in any way.

9. The Plaintiff had personal possessions in the Clayton Record building. The Defendant refused to allow her to retrieve her personal belongings.

10. The Defendant began publishing defamatory material about the Plaintiff and her family.

11. The Plaintiff requested that the Defendant retract the defamatory material but he refused.

## COUNT ONE
## BREACH OF CONTRACT

12. The Plaintiff re-alleges paragraphs 1 through 11 of this complaint as if set out here in full.

13. The Parties had a valid contract. The Defendant has breached that contract by refusing to allow the Plaintiff to obtain her personal possessions from the Clayton Record building.

14. As a result of the Defendant's breach of contract, the Plaintiff has been injured and damaged. She has lost the value of her property. She has been caused to suffer and continues to suffer mental anguish and emotional distress. She has been otherwise injured and damaged.

## COUNT TWO
## CONVERSION

15. Plaintiff re-alleges paragraphs 1 through 14 as if set out here in full.

16. Defendant, through his actions above, converted to his own use personal property belonging to or for the benefit of the Plaintiff.

17. As a result of Defendant's conversion, Plaintiff has been damaged as alleged above.

## COUNT THREE
## LIBEL AND/OR SLANDER

18. Plaintiff re-alleges paragraphs 1 through 17 as if set out here in full.

19. In the last few months, Defendant posted comments and published false and malicious imputations of moral delinquency which subjected Beasley to embarrassment and disgrace and damage to her reputation.

20. As a proximate cause of said libel and slander, Beasley has been injured and damaged. Her reputation has been tarnished. She has suffered and continues to suffer emotional distress and mental anguish. She has been otherwise injured and damaged.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays for such an award of both compensatory and punitive damages as the Court may deem just and appropriate, along with her costs in this action.

>/s/ Christina D. Crow
>Christina D. Crow (CRO-064)
>Attorney for the Plaintiff

OF COUNSEL:

Jinks, Crow & Dickson, PC
PO Box 350
219 Prairie Street North
Union Springs, AL 36089
(334) 738-4225
(334) 738-4229 (f)